IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SIPCO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 6:09cv532 |
| | ) | |
| Datamatic, Ltd.; Eka Systems, Inc.; | ) | |
| Johnson Controls, Inc.; Sensus USA | ) | |
| Inc.; and Trilliant Networks Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SIPCO, LLC ("SIPCO") hereby makes this Complaint for patent

infringement against Defendants DATAMATIC, LTD. ("Datamatic"), EKA

SYSTEMS, INC. ("Eka"), JOHNSON CONTROLS, INC. ("Johnson Controls"),

SENSUS USA INC. ("Sensus"), and TRILLIANT NETWORKS INC.

("Trilliant"), respectfully showing the Court as follows:

**NATURE OF THE ACTION**

1.     Plaintiff SIPCO owns United States Patent Nos. 7,103,511 (the "'511

Patent"), 6,437,692 (the "'692 Patent"), and 7,468,661 (the "'661 Patent").

2.     Each Defendant has made, used, imported, and/or sold and/or

continues to make, use, import, and/or sell the technology claimed by the '511

Patent, the '692 Patent, and the '661 Patent in systems and methods without SIPCO's permission.

3.     Plaintiff SIPCO seeks damages for each Defendant's infringement of the '511 Patent, the '692 Patent, and the '661 Patent.

## PARTIES

4.     Plaintiff SIPCO is a Georgia limited liability corporation.  SIPCO's principal place of business is in Atlanta, Georgia.

5.     On information and belief, Defendant Datamatic is a Texas limited partnership, having its principal place of business at 3600 K Avenue, Plano, Texas 75074.

6.     On information and belief, Defendant Eka is a Delaware corporation, having its principal place of business at 20201 Century Boulevard, Suite 250, Germantown, Maryland 20874.

7.     On information and belief, Defendant Johnson Controls is a Wisconsin corporation, having its principal place of business at 5757 N. Green Bay Avenue, Milwaukee, Wisconsin 53201.

8.     On information and belief, Defendant Sensus is a Delaware corporation, having its principal place of business at 8601 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

9.     On information and belief, Defendant Trilliant is a Delaware corporation, having its principal place of business at 1100 Island Drive, Redwood City, California 94065.

## JURISDICTION AND VENUE

10.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     On information and belief, this Court has personal jurisdiction over Datamatic.  Datamatic's headquarters are located in Plano, Texas which is in the Eastern District of Texas.  Datamatic regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Datamatic has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Datamatic can be served with process through its registered agent, Kenneth Kercher, 3600 K Avenue, Plano, Texas 75074.

13.     On information and belief, this Court has personal jurisdiction over Eka.  Eka regularly conducts business in the State of Texas and is subject to the

jurisdiction of this Court.  Eka has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Eka can be served with process through its registered agent, CSC-Lawyers Incorporating Service Company, 11 E Chase Street, Baltimore, Maryland 21202.

14.    On information and belief, this Court has personal jurisdiction over Johnson Controls.  On information and belief, executives of Plaintiff SIPCO attended business meetings with Johnson Controls in Texas in or around 2005 and 2006.  Johnson Controls regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Johnson Controls has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Johnson Controls can be served with process through its registered agent, CT Corporation System, 350 N Saint Paul Street, Dallas, Texas 75201.

15.    On information and belief, this Court has personal jurisdiction over Sensus.  Sensus regularly conducts business in the State of Texas and is subject to

16.    On information and belief, this Court has personal jurisdiction over Trilliant.  Trilliant regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Trilliant has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Trilliant can be served with process through its registered agent, CT Corporation System, 818 W 7th Street, Los Angeles, California 90017.

17.    On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants have done business in this judicial district, committed acts of infringement in this judicial district, and continue to

commit acts of infringement in this judicial district, all of which entitle SIPCO to

relief.

## COUNT I

### <u>INFRINGEMENT OF U.S. PATENT NO. 7,103,511</u>

18.     SIPCO restates and realleges the allegations set forth in paragraphs 1

through 20 of this Complaint and incorporates them by reference.

19.     The '511 Patent, entitled "Wireless Communications Networks for

Providing Remote Monitoring of Devices," was duly and legally issued on

September 5, 2006 by the U.S. Patent and Trademark Office to StatSignal IPC,

LLC, the assignee of the named inventor Thomas D. Petite.  A true and correct

copy of the '511 Patent is attached hereto as Exhibit A.

20.     SIPCO is the sole owner of the entire right, title, and interest in the

'511 Patent by virtue of assignment, including all rights necessary to prosecute this

case and collect all damages, past, present and future, resulting from Defendants'

infringement.

21.     Defendant Datamatic has infringed and continues to infringe one or

more claims of the '511 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling,

without license, certain products that consist of and/or incorporate infringing

wireless network products, including, without limitation, wireless network

technology similar to that found in its Mosaic Network and Firefly systems and components thereof, in violation of 35 U.S.C. § 271.

22.     Defendant Eka has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EkaNet Smart Network, EkaNet Wireless Gateways, EkaNet Nodes, and similar systems and components thereof, in violation of 35 U.S.C. § 271.

23.     Defendant Johnson Controls has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Wireless Network Thermostat Controller System, Wireless TECs, and components thereof, in violation of 35 U.S.C. § 271.

24.     Defendant Sensus has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

25.     Defendant Trilliant has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

26.     The acts of infringement of the '511 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '511 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

27.     The Defendants, and each of them, have had actual or constructive knowledge of the '511 Patent, yet each of them continues to infringe said patent. The infringement of the '511 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,437,692

28.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates them by reference.

29.     The '692 Patent, entitled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued on August 20, 2002 by the U.S. Patent and Trademark Office to StatSignal Systems, Inc., the assignee of the named inventors Thomas D. Petite and Richard M. Huff.  A true and correct copy of the '692 Patent is attached hereto as Exhibit B.

30.     SIPCO is the sole owner of the entire right, title, and interest in the '692 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

31.     Defendant Datamatic has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by

making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Mosaic Network and Firefly systems and components thereof, in violation of 35 U.S.C. § 271.

32.    Defendant Eka has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EkaNet Smart Network, EkaNet Wireless Gateways, EkaNet Nodes, and similar systems and components thereof, in violation of 35 U.S.C. § 271.

33.    Defendant Johnson Controls has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Wireless Network Thermostat

Controller System, Wireless TECs, and components thereof, in violation of 35 U.S.C. § 271.

34.     Defendant Sensus has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

35.     Defendant Trilliant has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

36.     The acts of infringement of the '692 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The

infringement of SIPCO's exclusive rights under the '692 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

37.    The Defendants, and each of them, have had actual or constructive knowledge of the '692 Patent, yet each of them continues to infringe said patent. The infringement of the '692 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,468,661

38.    SIPCO restates and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates them by reference.

39.    The '661 Patent, entitled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued on December 23, 2008 by the U.S. Patent and Trademark Office to Hunt Technologies, Inc., the assignee of the named inventors Thomas D. Petite and Richard M. Huff.  A true and correct copy of the '661 Patent is attached hereto as Exhibit C.

40.    SIPCO is the sole owner of the entire right, title, and interest in the '661 Patent by virtue of assignment, including all rights necessary to prosecute this

case and collect all damages, past, present and future, resulting from Defendants'
infringement.

41.     Defendant Datamatic has infringed and continues to infringe one or
more claims of the '661 Patent, directly, contributorily, and/or by inducement, by
making, using, inducing others to use, importing, offering for sale, and/or selling,
without license, certain products that consist of and/or incorporate infringing
wireless network products, including, without limitation, wireless network
technology similar to that found in its Mosaic Network and Firefly systems and
components thereof, in violation of 35 U.S.C. § 271.

42.     Defendant Eka has infringed and continues to infringe one or more
claims of the '661 Patent, directly, contributorily, and/or by inducement, by
making, using, inducing others to use, importing, offering for sale, and/or selling,
without license, certain products that consist of and/or incorporate infringing
wireless network products, including, without limitation, wireless network
technology similar to that found in its EkaNet Smart Network, EkaNet Wireless
Gateways, EkaNet Nodes, and similar systems and components thereof, in
violation of 35 U.S.C. § 271.

43.     Defendant Johnson Controls has infringed and continues to infringe
one or more claims of the '661 Patent, directly, contributorily, and/or by
inducement, by making, using, inducing others to use, importing, offering for sale,

and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Wireless Network Thermostat Controller System, Wireless TECs, and components thereof, in violation of 35 U.S.C. § 271.

44. Defendant Sensus has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

45. Defendant Trilliant has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

46.    The acts of infringement of the '661 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '661 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

47.    The Defendants, and each of them, have had actual or constructive knowledge of the '661 Patent, yet each of them continues to infringe said patent. The infringement of the '661 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, SIPCO prays for the following relief against Defendants:

A.    A judgment that Defendants, as set forth above, have directly infringed the '511 Patent, contributorily infringed the '511 Patent, and/or induced infringement of the '511 Patent;

B.    A judgment that Defendants, as set forth above, have directly infringed the '692 Patent, contributorily infringed the '692 Patent, and/or induced infringement of the '692 Patent;

C.     A judgment that Defendants, as set forth above, have directly infringed the '661 Patent, contributorily infringed the '661 Patent, and/or induced infringement of the '661 Patent;

D.     An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

E.     An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendant's willful infringement;

F.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '511 Patent, as set forth herein;

G.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '692 Patent, as set forth herein;

H.     A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them,

- 16 -

from directly infringing, contributorily infringing, and inducing the infringement of the '661 Patent, as set forth herein;

I.      A judgment and order requiring Defendants, and each of them, to pay SIPCO pre-judgment and post-judgment interest on the full amounts of the damages awarded;

J.      A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

K.      Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.


Respectfully submitted, this _____ day of November, 2009.

WARD & SMITH LAW FIRM


/s/ John Ward, Jr.
T. John Ward, Jr. (Texas Bar No. 00794818)
Jack Wesley Hill (Texas Bar No. 24032294)
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com

and

John C. Herman – Lead Attorney
Ryan K. Walsh
E. Joseph Benz III
Jason S. Jackson
Peter M. Jones
**Coughlin Stoia Geller**
    **Rudman & Robbins, LLP**
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
jjackson@csgrr.com
pjones@csgrr.com

Attorneys for Plaintiff
SIPCO, LLC