**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SIPCO, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION No. 6:09-CV-532 |
| | § | |
| **v.** | § | |
| | § | |
| **SENSUS USA INC., et al.** | § | |
| **Defendants.** | § | <u>JURY TRIAL DEMANDED</u> |
| | § | |
| | § | |

**<u>DEFENDANT SENSUS USA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT</u>**

Defendant Sensus USA Inc. ("Sensus") answers the Complaint of Plaintiff SIPCO, LLC

("SIPCO"), asserts its affirmative defenses, and states its counterclaims as follows:

**<u>NATURE OF THE ACTION</u>**

1.     Plaintiff SIPCO owns United States Patent Nos. 7,103,511 (the "'511 Patent"),

6,437,692 (the "'692 Patent"), and 7,468,661 (the "'661 Patent").

**<u>ANSWER:</u>**     Sensus lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 1 and, therefore, denies these allegations.


2.     Each Defendant has made, used, imported, and/or sold and/or continues to make,

use, import, and/or sell the technology claimed by the '511 Patent, the '692 Patent, and the '661

Patent in systems and methods without SIPCO's permission.

**<u>ANSWER:</u>**     Sensus denies the allegations of paragraph 2 with respect to Sensus, but it lacks

the knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 2 with respect to the other defendants and, therefore, denies these allegations.

3.      Plaintiff SIPCO seeks damages for each Defendant's infringement of the '511 Patent, the '692 Patent, and the '661 Patent.

**ANSWER:**     Sensus admits that SIPCO seeks damages, but denies that it has infringed or is continuing to infringe the asserted patents.  Sensus lacks  knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 with respect to the other defendants and, therefore, denies these allegations.

## PARTIES

4.      Plaintiff SIPCO is a Georgia limited liability corporation.  SIPCO's principal place of business is in Atlanta, Georgia.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies these allegations.

5.      On information and belief, Defendant Datamatic is a Texas limited partnership, having its principal place of business at 3600 K Avenue, Plano, Texas 75074.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies these allegations.

6.      On information and belief, Defendant Eka is a Delaware corporation, having its principal place of business at 20201 Century Boulevard, Suite 250, Germantown, Maryland 20874.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies these allegations.

DLI-6287131v1

7.      On information and belief, Defendant Johnson Controls is a Wisconsin corporation, having its principal place of business at 5757 N. Green Bay Avenue, Milwaukee, Wisconsin 53201.

**ANSWER:**      Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies these allegations.

8.      On information and belief, Defendant Sensus is a Delaware corporation, having its principal place of business at 8601 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

**ANSWER:**      Sensus admits that it is a Delaware corporation with its principal place of business located at 8537 Six Forks Road, Suite 400, Raleigh, North Carolina 27615.

9.      On information and belief, Defendant Trilliant is a Delaware corporation, having its principal place of business at 1100 Island Drive, Redwood City, California 94065.

**ANSWER:**      Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies these allegations.

## JURISDICTION AND VENUE

10.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

**ANSWER:**      Sensus admits that SIPCO purports to bring this action under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, but Sensus denies any liability thereunder.

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**      Sensus does not contest the Court's subject matter jurisdiction over this action.

12.     On information and belief, this Court has personal jurisdiction over Datamatic. Datamatic's headquarters are located in Plano, Texas which is in the Eastern District of Texas. Datamatic regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Datamatic has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Datamatic can be served with process through its registered agent, Kenneth Kercher, 3600 K Avenue, Plano, Texas 75074.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, denies these allegations.

13.     On information and belief, this Court has personal jurisdiction over Eka.  Eka regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court. Eka has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Eka can be served with process through its registered agent, CSC-Lawyers Incorporating Service Company, 11 E Chase Street, Baltimore, Maryland 21202.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies these allegations.

14.     On information and belief, this Court has personal jurisdiction over Johnson Controls.  On information and belief, executives of Plaintiff SIPCO attended business meetings with Johnson Controls in Texas in or around 2005 and 2006.  Johnson Controls regularly

conducts business in the State of Texas and is subject to the jurisdiction of this Court. Johnson Controls has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States. Johnson Controls can be served with process through its registered agent, CT Corporation System, 350 N Saint Paul Street, Dallas, Texas 75201.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, therefore, denies these allegations.

15.     On information and belief, this Court has personal jurisdiction over Sensus. Sensus regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court. Sensus has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States. Sensus can be served with process through its registered agent, CT Corporation System, 350 N Saint Paul Street, Dallas, Texas 75201.

**ANSWER:**     Sensus does not contest the Court's personal jurisdiction over it in this action. Sensus admits that it conducts business in Texas. Sensus denies that it is manufacturing, distributing, marketing, using, selling and/or offering for sale products that practice the subject matter claimed in the patents involved in this action. Sensus denies that it has committed the tort of patent infringement within the State of Texas, within the Eastern District of Texas, or elsewhere in the United States. Sensus admits that CT Corporation is its registered agent.

16.     On information and belief, this Court has personal jurisdiction over Trilliant. Trilliant regularly conducts business in the State of Texas and is subject to the jurisdiction of this Court.  Trilliant has been doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States.  Trilliant can be served with process through its registered agent, CT Corporation System, 818 W 7th Street, Los Angeles, California 90017.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, denies these allegations.

17.     On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendants have done business in this judicial district, committed acts of infringement in this judicial district, and continue to commit acts of infringement in this judicial district, all of which entitle SIPCO to relief.

**ANSWER:**     Sensus admits that venue is proper under 28 U.S.C. § 1400(b), but Sensus denies that 28 U.S.C. § 1391 provides a basis for venue.  Sensus admits that its has done business in this district, but denies that it has or will continue to commit acts of infringement in this or any other judicial district.  To the extent paragraph 17 relates to other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,103,511

18.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates them by reference.

**ANSWER:**   Sensus restates and incorporates herein by reference the answers to paragraphs 1 through 20.

19.   The '511 Patent, entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices," was duly and legally issued on September 5, 2006 by the U.S. Patent and Trademark Office to StatSignal IPC, LLC, the assignee of the named inventor Thomas D. Petite.  A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

**ANSWER:**   Sensus admits that the '511 patent is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices," and admits that the face of the '511 Patent (a) bears September 5, 2006 as its issue date, (b) names Thomas D. Petite as the inventor, and (c) identifies StatSignal, LLC as the assignee.  Sensus admits that a copy of the '511 patent was attached as Exhibit A.  Sensus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies these allegations.

20.   SIPCO is the sole owner of the entire right, title, and interest in the '511 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

**ANSWER:**   Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, therefore, denies these allegations.  To the extent that paragraph 20 alleges that Sensus committed patent infringement, Sensus denies that allegation.

21.   Defendant Datamatic has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing

others to use, importing, offering for sale, and/or selling, without license, certain products that

consist of and/or incorporate infringing wireless network products, including, without limitation,

wireless network technology similar to that found in its Mosaic Network and Firefly systems and

components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**    Sensus lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 21 and, therefore, denies these allegations.


22.     Defendant Eka has infringed and continues to infringe one or more claims of the

'511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to

use, importing, offering for sale, and/or selling, without license, certain products that consist of

and/or incorporate infringing wireless network products, including, without limitation, wireless

network technology similar to that found in its EkaNet Smart Network, EkaNet Wireless

Gateways, EkaNet Nodes, and similar systems and components thereof, in violation of 35 U.S.C.

§ 271.

**ANSWER:**    Sensus lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 22 and, therefore, denies these allegations.


23.     Defendant Johnson Controls has infringed and continues to infringe one or more

claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using,

inducing others to use, importing, offering for sale, and/or selling, without license, certain

products that consist of and/or incorporate infringing wireless network products, including,

without limitation, wireless network technology similar to that found in its Wireless Network

Thermostat Controller System, Wireless TECs, and components thereof, in violation of 35

U.S.C. § 271.

**ANSWER:**    Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies these allegations.

24.    Defendant Sensus has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**    Sensus denies the allegations of paragraph 24.

25.    Defendant Trilliant has infringed and continues to infringe one or more claims of the '511 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**    Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, denies these allegations.

26.    The acts of infringement of the '511 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '511 Patent by the

Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER:**    To the extent that the allegations of paragraph 26 are directed at Sensus, Sensus denies these allegations.  To the extent that the allegations of paragraph 26 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

27.    The Defendants, and each of them, have had actual or constructive knowledge of the '511 Patent, yet each of them continues to infringe said patent.  The infringement of the '511 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**    To the extent that the allegations of paragraph 27 are directed at Sensus, Sensus denies these allegations.  To the extent that the allegations of paragraph 27 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## COUNT II:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,437,692

28.    SIPCO restates and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates them by reference.

**ANSWER:**    Sensus restates and incorporates herein by reference the answers to paragraphs 1 through 20.

DLI-6287131v1

29.     The '692 Patent, entitled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued on August 20, 2002 by the U.S. Patent and Trademark Office to StatSignal Systems, Inc., the assignee of the named inventors Thomas D. Petite and Richard M. Huff.  A true and correct copy of the '692 Patent is attached hereto as Exhibit B.

**ANSWER:**     Sensus admits that the '692 patent is entitled "System and Method for Monitoring and Controlling Remote Devices," and admits that the face of the '692 Patent (a) bears August 20, 2002 as its issue date, (b) names Thomas D. Petite and Richard M. Huff as the inventors, and (c) identifies StatSignal Systems, Inc. as the assignee.  Sensus admits that a copy of the '692 Patent was attached as Exhibit B.  Sensus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies these allegations.

30.     SIPCO is the sole owner of the entire right, title, and interest in the '692 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies these allegations.  To the extent that paragraph 30 alleges that Sensus committed patent infringement, Sensus denies that allegation.

31.     Defendant Datamatic has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation,

wireless network technology similar to that found in its Mosaic Network and Firefly systems and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**   Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies these allegations.

32.   Defendant Eka has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EkaNet Smart Network, EkaNet Wireless Gateways, EkaNet Nodes, and similar systems and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**   Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and, therefore, denies these allegations.

33.   Defendant Johnson Controls has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Wireless Network Thermostat Controller System, Wireless TECs, and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**   Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, therefore, denies these allegations.

34.     Defendant Sensus has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus denies the allegations of paragraph 34.


35.     Defendant Trilliant has infringed and continues to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and, therefore, denies these allegations.


36.     The acts of infringement of the '692 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '692 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

DLI-6287131v1

**ANSWER:**     To the extent that the allegations of paragraph 36 are directed at Sensus, Sensus denies these allegations.  To the extent that the allegations of paragraph 36 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

37.     The Defendants, and each of them, have had actual or constructive knowledge of the '692 Patent, yet each of them continues to infringe said patent.  The infringement of the '692 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**     To the extent that the allegations of paragraph 37 are directed at Sensus, Sensus admits it had knowledge of the '692 Patent, but denies the remaining allegations of paragraph 37. To the extent that the allegations of paragraph 37 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## COUNT III:   ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,468,661

38.     SIPCO restates and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint and incorporates them by reference.

**ANSWER:**     Sensus restates and incorporates herein by reference the answers to paragraphs 1 through 20.

39.     The '661 Patent, entitled "System and Method for Monitoring and Controlling Remote Devices," was duly and legally issued on December 23, 2008 by the U.S. Patent and

Trademark Office to Hunt Technologies, Inc., the assignee of the named inventors Thomas D.

Petite and Richard M. Huff.  A true and correct copy of the '661 Patent is attached hereto as

Exhibit C.

**ANSWER:**   Sensus admits that the '661 Patent is entitled "System and Method for Monitoring

and Controlling Remote Devices," and admits that the face of the '661 Patent (a) bears

December 23, 2008 as its issue date, (b) names Thomas D. Petite and Richard M. Huff as the

inventors, and (c) identifies Hunt Technologies, Inc. as the assignee.  Sensus admits that a copy

of the '661 Patent was attached as Exhibit C.  Sensus lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in this paragraph and,

therefore, denies these allegations.


40.      SIPCO is the sole owner of the entire right, title, and interest in the '661 Patent by

virtue of assignment, including all rights necessary to prosecute this case and collect all damages,

past, present and future, resulting from Defendants' infringement.

**ANSWER:**   Sensus lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 40 and, therefore, denies these allegations.  To the extent that

paragraph 40 alleges that Sensus committed patent infringement, Sensus denies that allegation.


41.      Defendant Datamatic has infringed and continues to infringe one or more claims

of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing

others to use, importing, offering for sale, and/or selling, without license, certain products that

consist of and/or incorporate infringing wireless network products, including, without limitation,

wireless network technology similar to that found in its Mosaic Network and Firefly systems and

components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, therefore, denies these allegations.

42.     Defendant Eka has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its EkaNet Smart Network, EkaNet Wireless Gateways, EkaNet Nodes, and similar systems and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, therefore, denies these allegations.

43.     Defendant Johnson Controls has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its Wireless Network Thermostat Controller System, Wireless TECs, and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, therefore, denies these allegations.

44.     Defendant Sensus has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its FlexNet and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus denies the allegations of paragraph 44.

45.     Defendant Trilliant has infringed and continues to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, inducing others to use, importing, offering for sale, and/or selling, without license, certain products that consist of and/or incorporate infringing wireless network products, including, without limitation, wireless network technology similar to that found in its SecureMesh Network and ZigBee HAN and components thereof, in violation of 35 U.S.C. § 271.

**ANSWER:**     Sensus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, therefore, denies these allegations.

46.     The acts of infringement of the '661 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of SIPCO's exclusive rights under the '661 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER:**     To the extent that the allegations of paragraph 46 are directed at Sensus, Sensus denies these allegations.  To the extent that the allegations of paragraph 46 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

47.     The Defendants, and each of them, have had actual or constructive knowledge of the '661 Patent, yet each of them continues to infringe said patent.  The infringement of the '661 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:**     To the extent that the allegations of paragraph 47 are directed at Sensus, Sensus denies these allegations.  To the extent that the allegations of paragraph 47 are directed at the other defendants, Sensus lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

## RESPONSE TO PLAINTIFF SIPCO'S PRAYER FOR RELIEF

Sensus denies that SIPCO is entitled to any relief from Sensus, either as prayed in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Sensus asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

**FIRST DEFENSE**

1.      The Complaint fails to state a claim upon which relief can be granted because Sensus has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to SIPCO under the patents-in-suit.

**SECOND DEFENSE**

2.      Sensus does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid claim of the '511 Patent, the '661 Patent, or the '692 Patent either literally or under the doctrine of equivalents.

**THIRD DEFENSE**

3.      By reason of prior art and/or statements and representations made to and by the United States Patent and Trademark Office ("the Patent Office") during the prosecution of the applications that led to the issuance of the '511 Patent, the '661 Patent, and/or the '692 Patent, and during the reexamination proceedings of the '511 Patent, SIPCO is estopped from asserting that the claims of the patents-in-suit can be construed as covering any activity of Sensus, either literally or under the doctrine of equivalents.

**FOURTH DEFENSE**

4.      One or more claims of each patent-in-suit is invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 102, 103, and/or 112.

**FIFTH DEFENSE**

5.      On information and belief, SIPCO's claims are limited by laches.


**COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Sensus USA Inc. ("Sensus"), for its counterclaims against Plaintiff and Counterclaim Defendant SIPCO, LLC ("SIPCO"), alleges as follows:

1.      Defendant and Counterclaim Plaintiff Sensus is a Delaware corporation, having its principal place of business at 8537 Six Forks Road, Suite 400, Raleigh, North Carolina 27615.

2.      Upon information and belief, Plaintiff and Counterclaim Defendant SIPCO is a Georgia limited liability corporation with its principal place of business in Atlanta, Georgia.

3.      In its Complaint, Plaintiff SIPCO avers that it owns all rights, title and interest in United States Patent Nos. 7,103,511 (the "'511 Patent"), 6,437,692 (the "'692 Patent"), and 7,468,661 (the "'661 Patent") (collectively, "the patents-in-suit").

4.      Based on SIPCO's allegations of infringement, the Complaint SIPCO filed against Sensus, and prior litigation by SIPCO involving one or more of the patents-in-suit, a justiciable actual controversy exists between Sensus and the Counterclaim Defendant SIPCO concerning the alleged infringement and validity of the patents-in-suit.

5.      Under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory judgment Act, 28 U.S.C. §§ 2201 and 2202.  Venue for this counterclaim is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

6.      By filing its Complaint, SIPCO has consented to personal jurisdiction in this District.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement)

7.      Sensus realleges and incorporates herein by reference the allegations in paragraphs 1 through 6 of its counterclaims.

8.     Sensus has not infringed and is not infringing (either directly, contributorily, or by inducement) any valid claim of the patents-in-suit.

9.     Because there exists a real and justiciable controversy between the parties regarding infringement of the patents-in-suit, this Court should make declarations that Sensus does not infringe the patents-in-suit.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

10.    Sensus realleges and incorporates herein by reference the allegations in paragraphs 1 through 6 of its counterclaims.

11.    One or more claims of the '511 Patent, the '661 Patent, and the '692 Patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 102, 103 and/or 112.

12.    Because there exists a real and justiciable controversy between the parties regarding the validity of the '511 Patent, the '661 Patent, and the '692 Patent, this Court should make declarations that one or more claims of the '511 Patent, the '661 Patent, and the '692 Patent are invalid.

## JURY DEMAND

Sensus demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

Wherefore, Defendant Sensus prays that this Court:

(a)    Adjudge and decree that all of SIPCO's claims are denied;

(b)    Adjudge and decree that SIPCO's complaint be dismissed with prejudice;

(c)    Adjudge and decree that Sensus has not infringed U.S. Patent No. 7,103,511;

(d)     Adjudge and decree that Sensus has not infringed U.S. Patent No. 7,468,661;

(e)     Adjudge and decree that Sensus has not infringed U.S. Patent No. 6,437,692;

(f)     Adjudge and decree that one or more claims of U.S. Patent No. 7,103,511 are invalid;

(g)     Adjudge and decree that one or more claims of U.S. Patent No. 7,468,661 are invalid;

(h)     Adjudge and decree that one or more claims of U.S. Patent No. 6,437,692 are invalid;

(i)     Award Sensus such further necessary and proper relief as this Court may deem just and reasonable.


January 19, 2010                                    Respectfully submitted,

                                                    /s/ Hilda C. Galvan
                                                    Hilda C. Galvan
                                                    Lead Attorney
                                                    Texas State Bar No. 00787512
                                                    Email: hcgalvan@jonesday.com
                                                    Mark J. Ziegelbein
                                                    Texas State Bar No. 24029923
                                                    Email: mjziegelbein@jonesday.com
                                                    Matthew Hawkins
                                                    Texas State Bar No. 24066779
                                                    Email: mhawkins@jonesday.com
                                                    JONES DAY
                                                    2727 North Harwood Street
                                                    Dallas, TX 75201-1515
                                                    Telephone: (214) 220-3939
                                                    Facsimile: (214) 969-5100

                                                    ATTORNEYS FOR SENSUS USA INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on January 19, 2010.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

/s/ Mark J. Ziegelbein

DLI-6287131v1