IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SIPCO, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09cv532 |
| | § | |
| DATAMATIC, LTD; | § | **JURY** |
| EKA SYSTEMS,  INC.; | § | |
| JOHNSON CONTROLS, INC.; | § | |
| SENSUS USA INC.;  AND | § | |
| TRILLIANT NETWORKS, INC. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS</u>

Defendant EKA Systems, Inc. ("EKA") hereby answers the numbered paragraphs of the

Complaint of SIPCO, LLC ("SIPCO") as follows:

## I.    NATURE OF THE ACTION

1.      EKA lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2.      EKA denies the allegations contained in Paragraph 2 of the Complaint with

respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 2 of the Complaint as applicable to the other

Defendants in this action, and therefore denies them.

3.      EKA lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

## II.    PARTIES

4.      EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      EKA admits the allegations contained in Paragraph 6 of the Complaint.

7.      EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

## III.    JURISDICTION AND VENUE

10.      EKA admits that the Complaint contains claims of patent infringement that

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 2

arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

11.    EKA admits that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.    EKA admits that is can be served through its registered agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202, and that it has conducted limited business in the State of Texas.  EKA denies all other allegations contained in Paragraph 13 of the Complaint.

14.    EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.    EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.    EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.    EKA denies that venue is proper in this District.  EKA denies that it has Committed acts of infringement in this District, continues to commit acts of infringement in this

District, and that Plaintiff is entitled to relief.  EKA denies the remaining allegations contained in Paragraph 17 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint as applicable to the other Defendants in this action, and therefore denies them.

## IV.    COUNT I

18.    EKA notes that Plaintiff's reference to the allegations in Paragraphs 1-20 is nonsensical given that only 17 paragraphs appear in Plaintiff's Complaint before the allegations in Paragraph 18.  EKA realleges and incorporates by reference its answers set forth in paragraphs 1-17.

19.    EKA admits a copy of a document purporting to be U.S. Patent No. 7,103,511 ("'511 patent") was attached to the complaint as Exhibit A.  EKA admits that Exhibit A is entitled "Wireless Communication Networks for Providing Remote Monitoring of Devices." EKA admits that Exhibit A states on its face that the '511 patent issued on September 5, 2006 to the purported inventor Thomas D. Petite.  EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.    EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.    EKA lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     EKA denies the allegations contained in Paragraph 22 of the Complaint.

23.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint, and therefore denies them.

25.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26.     EKA denies the allegations contained in Paragraph 26 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint as applicable to the other Defendants in this action, and therefore denies them.

27.     EKA denies the allegations contained in Paragraph 27 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the Complaint as applicable to the other parties in this action, and therefore denies them.

**V.     COUNT II**

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 5

28.     EKA notes that Plaintiff's reference to the allegations in Paragraphs 1-20 is in error given that Paragraphs 18-20 of the Complaint are unrelated to the allegations in Count II. EKA realleges and incorporates by reference its answers set forth in paragraphs 1-17.

29.     EKA admits that a copy of a document purporting to be U.S. Patent No. 6,437,692 ("'692 patent") was attached to the Complaint as Exhibit B.  EKA admits that Exhibit B is entitled "System and Method for Monitoring and Controlling Remote Devices."  EKA admits that Exhibit B states on its face that the '692 patent issued on August 20, 2002 to the purported inventors Thomas D. Petite and Richard M. Huff.  EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32.     EKA denies the allegations contained Paragraph 32 of the Complaint.

33.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Complaint, and therefore denies them.

34.     EKA lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 34 of the Complaint, and therefore denies them.

35.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the Complaint, and therefore denies them.

36.     EKA denies the allegations contained in Paragraph 36 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint as applicable to the other Defendants in this action, and therefore denies them.

37.     EKA denies the allegations contained in Paragraph 37 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 37 of the Complaint as applicable to the other parties in this action, and therefore denies them.

**VI.     COUNT III**

38.     EKA notes that Plaintiff's reference to the allegations in Paragraphs 1-20 is is in error given that Paragraphs 18-20 of the Complaint are unrelated to the allegations in Count III. EKA realleges and incorporates by reference its answers set forth in paragraphs 1-17.

39.     EKA admits that a copy of a document purporting to be U.S. Patent No. 7,468,661 ("'661 patent") was attached to the Complaint as Exhibit C.  EKA admits that Exhibit C is entitled "System and Method for Monitoring and Controlling Remote Devices." EKA admits that Exhibit B states on its face that the '661 patent issued on December 23, 2008

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 7

to the purported inventors Thomas D. Petite and Richard M. Huff.  EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

40.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 41 of the Complaint, and therefore denies them.

42.     EKA denies the allegations contained Paragraph 42 of the Complaint.

43.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 43 of the Complaint, and therefore denies them.

44.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 of the Complaint, and therefore denies them.

45.     EKA lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 45 of the Complaint, and therefore denies them.

46.     EKA denies the allegations contained in Paragraph 46 of the Complaint with respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 46 of the Complaint as applicable to the other

parties in this action, and therefore denies them.

   47.  EKA denies the allegations contained in Paragraph 47 of the Complaint with

respect to EKA and lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations contained in Paragraph 47 of the Complaint as applicable to the other

parties in this action, and therefore denies them.

**VII. RESPONSE TO PLAINTIFF SIPCO'S PRAYER FOR RELIEF**

   48.  EKA denies that SIPCO is entitled to any of the relief sought and requests that

the Court deny all of the relief sought in the "PRAYER FOR RELIEF".

**VIII. AFFIRMATIVE DEFENSES**

   EKA asserts the following affirmative defenses and reserves the right to amend its

answer as additional information becomes available:

<u><strong>FIRST DEFENSE: NON-INFRINGEMENT</strong></u>

   49.  EKA does not infringe, and has not infringed, directly, contributorily, or by

inducement any claim of the '511, '692, or '661 patents, either literally or under the doctrine of

equivalents.

<u><strong>SECOND DEFENSE: INVALIDITY UNDER 35 U.S.C. §§ 101, 102, 103 and/or 112</strong></u>

   50.  The '511,'692, and '661 patents are invalid because the alleged inventions fail to

satisfy the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

<u><strong>THIRD DEFENSE: LACHES, EQUITABLE ESTOPPEL AND WAIVER</strong></u>

   51.  SIPCO's tardy attempt to enforce the '511 and '692 patents against EKA is

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 9

barred in whole or part under the doctrine of laches.  The purported issue date of the '511 patent

is September 5, 2006, over 3 years prior to this filing.  The purported issue date of the '692

patent is August 20, 2002, over 7 years prior to this filing.  Plaintiff's delay in filing suit against

Eka for alleged infringement of the '511 and '692 patents is unreasonable and inexcusable and

has materially prejudiced EKA

52.      SIPCO's claims for infringement of the '511,'692, and '661 patents are barred by

equitable estoppel and waiver.

### FOURTH DEFENSE: VENUE

53.      SIPCO's claims are not properly venued in this judicial district pursuant to 28

U.S.C. § 1404.  EKA preserves its rights as to the affirmative defense of improper venue.

### FIFTH DEFENSE: PATENT MISUSE

54.      SIPCO's claims are barred by the equitable doctrine of patent misuse.

### SIXTH DEFENSE: IMPLIED OR EXPRESS LICENSE/EXHAUSTION

55.      SIPCO's claims are barred by the doctrines of implied or express license and/or

exhaustion.

## IX.      COUNTERCLAIMS

Defendant and Counterclaimant EKA alleges against SIPCO as follows:

56.      EKA is a Delaware corporation, having its principal place of business as 20201

Century Boulevard, Suite 250, Germantown, Maryland 20874.

57.      Upon information and belief, SIPCO, LLC ("SIPCO") is a Georgia limited

liability corporation with its principal place of business at place of business at Overlook I, Suite

660, 2849 Paces Ferry Road, Atlanta, Georgia 30339.

58.     This Court has personal jurisdiction over SIPCO pursuant to 28 U.S.C. § 1338(a) and because SIPCO has voluntarily submitted to this Court's jurisdiction in this action.

59.     This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between SIPCO and EKA regarding the non-infringement, invalidity, and unenforceability of the '511, '692 and '661 patents, based upon multiple litigations involving the patents-in-suit in the past few years and the allegations asserted against EKA in this action.

60.     EKA preserves its rights with respect to venue.  Subject to and without waiving EKA's affirmative defense, this Court is the proper venue for these counterclaims pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b), and because SIPCO has voluntarily submitted to this Court's jurisdiction in this action.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '511 PATENT

61.     EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-60.

62.     An actual controversy exists between EKA and SIPCO regarding the alleged infringement of the '511 patent.

63.     EKA does not and has not infringed any valid or enforceable claim of the '511 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

64.     EKA does not and has not infringed the '511 patent literally or under the doctrine

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 11

of equivalents.

65.     This case is exceptional under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '692 PATENT

66.     EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-65.

67.     An actual controversy exists between EKA and SIPCO regarding the alleged infringement of the '692 patent.

68.     EKA does not and has not infringed any valid or enforceable claim of the '692 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

69.     EKA does not and has not infringed the '692 patent literally or under the doctrine of equivalents.

70.     This case is exceptional under 35 U.S.C. § 285.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '661 PATENT

71.     EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-70.

72.     An actual controversy exists between EKA and SIPCO regarding the alleged infringement of the '661 patent.

73.     EKA does not and has not infringed any valid or enforceable claim of the '661 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

74.     EKA does not and has not infringed the '661 patent literally or under the doctrine

of equivalents.

75.    This case is exceptional under 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '511 PATENT

76.    EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-75.

77.    An actual controversy exists between EKA and SIPCO regarding the alleged validity of the '511 patent.

78.    The claims of the '511 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

79    This case is exceptional under 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '692 PATENT

80.    EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-79.

81.    An actual controversy exists between EKA and SIPCO regarding the alleged validity of the '692 patent.

82.    The claims of the '692 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

83.    This case is exceptional under 35 U.S.C. § 285.

## SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '661 PATENT

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 13

84.     EKA realleges and incorporates by reference the allegations set forth in paragraphs 56-83.

85.     An actual controversy exists between EKA and SIPCO regarding the alleged validity of the '661 patent.

86.     The claims of the '661 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

87.     This case is exceptional under 35 U.S.C. § 285.

**X.      JURY DEMAND**

88.     EKA demands a trial by jury on all triable issues in this action.

**XI.     EXCEPTIONAL CASE**

89.     This case is exceptional under 35 U.S.C. § 285.

**XII.    PRAYER FOR RELIEF**

WHEREFORE, EKA prays that the Court:

A.      Deny all of SIPCO's claims;

B.      Dismiss SIPCO's Complaint with prejudice and order that SIPCO is entitled to no recovery;

C.      Declare that EKA does not infringe any claim of the '511 patent;

D.      Declare that EKA does not infringe any claim of the '692 patent;

E.      Declare that EKA does not infringe any claim of the '661 patent;

F.      Declare that each and every claim of the '511 patent is invalid;

G.      Declare that each and every claim of the '692 patent is invalid;

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 14

H.      Declare that each and every claim of the '661 patent is invalid;

I.       Declare that SIPCO's claims are barred by laches, equitable estoppel, waiver, patent misuse, implied or express license, and/or exhaustion;

J.       Order that this is an exceptional case pursuant to 35 U.S.C. § 285 and award EKA its attorney fees, expenses, and costs for this action; and

K.      Award EKA such other and further equitable or legal relief as this Court deems necessary and proper.


Dated:          January 20, 2010                   Respectfully submitted,

                                                   /s/ Jonathan G. Graves
                                                   Jonathan G. Graves
                                                   jgraves@cooley.com
                                                   Phillip E. Morton
                                                   pmorton@cooley.com
                                                   COOLEY GODWARD KRONISH LLP
                                                   One Freedom Square
                                                   Reston Town Center
                                                   11951 Freedom Drive
                                                   Reston, VA 20190-5656
                                                   Telephone: 703.756.8000
                                                   Facsimile: 703.456.8100


                                                   **ATTORNEYS FOR DEFENDANT
                                                   EKA SYSTEMS, INC.**

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P.5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via facsimile and/or U.S. First Class Mail on January 20, 2010.

<u>/s/ Jonathan G. Graves</u>

DEFENDANT EKA SYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS - Page 16