FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 22 2010

DAVID J. MALAND, CLERK
BY
DEPUTY _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISCTRICT OF TEXAS**
**TYLER DIVISION**

SIPCO, LLC,                                    )
                                               )
      Plaintiff,                          )
                                               )
    vs.                                      )
                                               )
Datamatic, Ltd.; Eka Systems, Inc.;            )
Johnson Controls, Inc.; Sensus USA,            )
  Inc.; and Trilliant Networks Inc.,         )
                                               )
      Defendants.                         )
                                               )

**Civil Action File**
**No. 6:09cv532**

**JURY TRIAL DEMANDED**

**DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Datamatic, Ltd. ("Datamatic" or "Defendant") hereby answers the complaint filed by SIPCO, LLC ("SIPCO" or "Plaintiff") as follows:

**NATURE OF THE ACTION**

1.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies same.

2.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 2 of the Complaint insofar as they relate to the other parties and therefore denies same. Defendant denies the allegations in Paragraph 2 to the extent they apply to defendant.

3.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies same.

**PARTIES**

4.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies same.

5.    Datamatic admits the allegations in Paragraph 5 of the Complaint.

6.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies same.

7.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies same.

8.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies same.

9.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies same.

## JURISDITION AND VENUE

10.    Datamatic admits the allegations in Paragraph 10 of the Complaint.

11.    Datamatic admits the allegations in Paragraph 11 of the Complaint.

12.    Datamatic admits the allegations in the first three sentences of Paragraph 12 of the Complaint. Datamatic admits it does business in this state but denies that its products practice the subject matter claimed in the patents involved in this action anywhere.  Datamatic admits the allegations in the fifth sentence of this paragraph.

13.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies same.

14.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies same.

15.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies same.

16.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

17.     Datamatic admits to doing  business in this district but denies the ather allegations in Paragraph 17 of the Complaint.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NUMBER 7,103,511**

18.     Datamatic restates and realleges its admissions in denials in Paragraphs 1 – 17 and incorporated them herein by reference.

19.     Datamatic admits that the 511 patent is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices," but denies that it was validly issued and denies the other allegations in this sentence of Paragraph 19. Datamatic lacks sufficient information to admit or deny the allegations in the second sentence and therefore denies same.

20.      Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies same.

21.     Datamatic denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant lacks sufficient information to either admit or deny allegations in Paragraph 22 of the Complaint and therefore denies same.

23.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies same.

**DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE DEFENSES   Page - 3**

25.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies same.

26.    Datamatic denies the allegations in Paragraph 26 to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

27.    Datamatic denies the allegations in Paragraph 27 to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NUMBER 6,437,692**

28.    Datamatic restates and realleges its admissions in denials in Paragraphs 1 – 27 and incorporated them herein by reference.

29.    Datamatic admits that the 692 patent is entitled "System and Method for Monitoring and Controlling Remote Devices," but denies that it was validly issued and denies the other allegations in this sentence of Paragraph 29.  Datamatic lacks sufficient information to admit or deny the allegations in the second sentence and therefore denies same.

30.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies same.

31.    Datamatic denies the allegations in Paragraph 31 of the Complaint.

32.    Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies same.

33.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 33</u> of the Complaint and therefore denies same.

34.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 34</u> of the Complaint and therefore denies same.

35.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 35</u> of the Complaint and therefore denies same.

36.     Datamatic denies the allegations in <u>Paragraph 36</u> to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

37.     Datamatic denies the allegations in <u>Paragraph 37</u> to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

## COUNT II

## <u>INFRINGEMENT OF U.S. PATENT NUMBER 7,468,661</u>

38.     Datamatic restates and realleges its admissions in denials in <u>Paragraphs 1 – 37</u> and incorporated them herein by reference.

39.     Datamatic  admits that the 692 patent is entitled "System and Method for Monitoring and Controlling Remote Devices," but denies that it was validly issued and denies the other allegations in this sentence of <u>Paragraph 39</u>.  Datamatic lacks sufficient information to admit or deny the allegations in the second sentence and therefore denies same.

40.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 40</u> of the Complaint and therefore denies same.

41.     Datamatic denies the allegations in <u>Paragraph 41</u> of the Complaint.

42.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 42</u> of the Complaint and therefore denies same.

43.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 43</u> of the Complaint and therefore denies same.

44.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 44</u> of the Complaint and therefore denies same.

45.     Defendant lacks sufficient information to either admit or deny the allegations in <u>Paragraph 45</u> of the Complaint and therefore denies same.

46.     Datamatic denies the allegations in <u>Paragraph 46</u> to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

47.     Datamatic denies the allegations in <u>Paragraph 47</u> to the extent they apply to it and lacks sufficient information to admit or deny the allegations in this paragraph to the extent they apply to the other defendants and therefore denies same.

## PRAYER FOR RELIEF

48.     The Complaint, in an unnumbered section makes various claims for relief. Datamatic denies that Plaintiff is entitled to any of the relief sought.

## DEMAND FOR JURY TRIAL

49.     The Complaint, in an unnumbered section makes a demand for a jury trial to which no response is required.

## DEFENDANT'S DEFENSES

**<u>DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE
DEFENSES</u>   Page - 6**

50.     Subject to the responses above, Datamatic alleges and asserts the following affirmative defenses to the allegations in the Complaint, undertaking the burden of proof only as to those defenses required by law. Additionally, Datamatic specifically reserves the right to assert additional defenses that are discovered during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

51.     Datamatic does not make, use, offer for sale or sell or imports into the United States and has not made, used, offered for sale, sold, or imported into the United States any product(s) that infringe any valid claim of the 511 Patent , the 692 Patent or the 661 Patent either directly, indirectly, contributorily, through the doctrine of equivalents or otherwise and has not induced other(s) to infringe either one.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity and Unenforceability)

52.     The 511 Patent is invalid and/or unenforceable for failure to meet at least one of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. Sections 101, 102, 103, and/or 112.

53.     The 692 Patent is invalid and/or unenforceable for failure to meet at least one of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. Sections 101, 102, 103, and/or 112.

54.     The 661 Patent is invalid and/or unenforceable for failure to meet at least one of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. Sections 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Latches and/or Equitable Estoppel)

55.    Plaintiff's claims are barred by the doctrines of Waiver, Latches and/or Equitable Estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

56.    Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. Section 287 from the date the 511 Patent issued.

57.    Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. Section 287 from the date the 692 Patent issued.

58.    Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. Section 287 from the date the 661 Patent issued.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

59.    Plaintiff has no standing to assert claims of infringement because it is not the owner of the 511 Patent or does not have the necessary rights in and to the 511 Patent to assert its claims of infringement.

60.    Plaintiff has no standing to assert claims of infringement because it is not the owner of the 692 Patent or does not have the necessary rights in and to the 692 Patent to assert its claims of infringement.

**DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE DEFENSES   Page - 8**

61.     Plaintiff has no standing to assert claims of infringement because it is not the owner of the 661 Patent or does not have the necessary rights in and to the 661 Patent to assert its claims of infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Time Limitation on Damages)

62. The relief sought by Plaintiff is barred or limited by 35 U.S.C. Section 286 or other applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutory Limitation on Damages)

63. The relief sought by Plaintiff is barred or limited by the operation of U.S.C. Section 202.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

64. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## RELIEF REQUESTED

WHEREFORE, Datamatic, Ltd. respectfully requests the following relief:

A. A judgment in favor of Datamatic, Ltd. denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's claims of infringement with prejudice;

B. A judgement declaring this to be an exceptional case pursuant to 35 U.S.C. Section 285 and awarding Datamatic, Ltd. its costs, expenses, and reasonable attorneys' fees; and

C. That the Court award Datamatic such other and further relief as the Court deems just and proper.

**DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE DEFENSES   Page - 9**

Dated: January 19, 2010.                    Respectfully submitted,

_____
Philip Masters
CFO, Datamatic, Ltd.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2010, a true and correct copy of

DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE DEFENSES was

served on Plaintiff's counsel of record by mail.

_____
Philip Masters


**DEFENDANT DATAMATIC, LTD'S ANSWER AND AFFIRMATIVE
DEFENSES   Page - 10**



$0.88 0
US POSTAGE
FIRST-CLASS
0625000729T126
75074

$0.88 0
US POSTAGE
FIRST-CLASS
0625000729T126
75074

CLERK OF COURT
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION
211 W. FERGUSON STREET  ROOM 106

TYLER, TX 75702

RECEIVED
JAN 22 2010
CLERK U.S. DISTRICT COURT
EASTERN DIST. OF TEXAS

Datamatic.com
3600 K Avenue  Plano, TX 75074