**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SIPCO, LLC,<br><br>   *Plaintiff*,<br><br>  v.<br><br>DATAMATIC, LTD.; EKA SYSTEMS, INC.;<br>JOHNSON CONTROLS, INC.; SENSUS USA<br>INC.; and TRILLIANT NETWORKS, INC.<br><br>   *Defendants.* | CIVIL ACTION NO. 6:09-cv-532<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JOHNSON CONTROLS, INC.'S
ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant Johnson Controls, Inc. ("JCI") hereby sets forth its Answer, Defenses and Counterclaims to Plaintiff SIPCO, LLC's ("SIPCO") Complaint as follows:

**ANSWER**

Responding to the individually enumerated paragraphs of the Complaint, JCI states as follows:

**Nature of the Action**

1.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.  As to JCI only, JCI denies that it has "made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '511 Patent, the '692 Patent, and the '661 Patent in systems and methods without SIPCO's permission." Except as expressly admitted or denied, JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

- 1 -

3.      JCI admits that SIPCO seeks damages, but denies that it has infringed or is continuing to infringe the asserted patents.  Except as expressly admitted or denied, JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

**Parties**

4.      JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      JCI admits that it is a corporation organized and existing under the laws of the State of Wisconsin.  JCI admits that its principal place of business is in Milwaukee, Wisconsin.

8.      JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

**Jurisdiction and Venue**

10.      JCI admits that the Complaint purports to state claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

11.      JCI admits that this Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     JCI admits that this Court has personal jurisdiction over JCI.  JCI admits that its registered agent is CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201.  JCI denies that it has committed acts of infringement in this district, denies that it continues to commit acts of infringement in this district, and denies that SIPCO is entitled to relief.  JCI admits that JCI personnel met with SIPCO in Texas on at least one prior occasion.  Except as expressly admitted herein, JCI denies each and every allegation of Paragraph 14 of the Complaint.

15.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.     JCI admits that venue will lie in this district under 28 U.S.C. § 1391.  JCI denies that this district is more convenient for the witnesses or parties than the Northern District of Georgia and denies that the interests of justice are served by the continued prosecution of this case in this district.  JCI denies that it has committed acts of infringement in this district, continues to commit acts of infringement in this district, and that Plaintiff is entitled to relief. Except as expressly admitted herein, JCI denies each and every allegation of Paragraph 17 of the Complaint.

### COUNT I:  Purported Infringement of U.S. Patent No. 7,103,511

18.     JCI incorporates its answers to Paragraphs 1–20 of the Complaint as if fully set forth herein.

19.     JCI admits that a copy of U.S. Patent No. 7,103,511 ("the '511 patent") was attached as Exhibit A to the Complaint.  JCI admits that this copy states on its face that:  (a) it is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices"; (b) it was issued on September 5, 2006; (c) StatSignal IPC, LLC is the assignee; and (d) Thomas D. Petite is the inventor.  Except as expressly admitted in this paragraph, JCI lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 19 of the Complaint, and therefore denies them.

20.     As to JCI only, JCI denies the allegations of Paragraph 20 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23.     JCI denies the allegations contained in Paragraph 23 of the Complaint.

24.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies them.

25.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26.     As to JCI only, JCI denies the allegations of Paragraph 26 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint, and therefore denies them.

27.     As to JCI only, JCI denies the allegations of Paragraph 27 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

## COUNT II:  Purported Infringement of U.S. Patent No. 6,437,692

28.     JCI incorporates its answers to Paragraphs 1–20 of the Complaint as if fully set forth herein.

29.     JCI admits that a copy of U.S. Patent No. 6,437,692 ("the '692 patent") was attached as Exhibit B to the Complaint.  JCI admits that this copy states on its face that:  (a) it is entitled "System and Method for Monitoring and Controlling Remote Devices"; (b) it was issued on August 20, 2002; (c) StatSignal Systems, Inc. is the assignee; and (d) Thomas D. Petite and Richard M. Huff are the inventors.  Except as expressly admitted in this paragraph, JCI lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 29 of the Complaint, and therefore denies them.

30.     As to JCI only, JCI denies the allegations of Paragraph 30 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies them.

33.     JCI denies the allegations contained in Paragraph 33 of the Complaint.

34.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies them.

35.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies them.

36.     As to JCI only, JCI denies the allegations of Paragraph 36 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and therefore denies them.

37.     As to JCI only, JCI denies the allegations of Paragraph 37 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and therefore denies them.


**COUNT III:  Purported Infringement of U.S. Patent No. 7,468,661**

38.     JCI incorporates its answers to Paragraphs 1–20 of the Complaint as if fully set forth herein.

39.     JCI admits that a copy of U.S. Patent No. 7,468,661 ("the '661 patent") was attached as Exhibit C to the Complaint.  JCI admits that this copy states on its face that:  (a) it is entitled "System and Method for Monitoring and Controlling Remote Devices"; (b) it was issued on December 23, 2008; (c) Hunt Technologies, Inc. is the assignee; and (d) Thomas D. Petite and Richard M. Huff are the inventors.  Except as expressly admitted in this paragraph, JCI lacks

knowledge sufficient to confirm or deny the remaining allegations of Paragraph 39 of the Complaint, and therefore denies them.

40.     As to JCI only, JCI denies the allegations of Paragraph 40 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies them.

42.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore denies them.

43.     JCI denies the allegations contained in Paragraph 43 of the Complaint.

44.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies them.

45.     JCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies them.

46.     As to JCI only, JCI denies the allegations of Paragraph 46 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint, and therefore denies them.

47.     As to JCI only, JCI denies the allegations of Paragraph 47 of the Complaint.  JCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint and therefore denies them.

**General Denial**

Except as specifically admitted, JCI denies each and every allegation contained in Paragraphs 1-47 of the Complaint and denies that SIPCO is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that JCI must necessarily plead any of the following as an affirmative defense or that JCI necessarily bears the burden of persuasion for any of the following, JCI asserts the following defenses to SIPCO's Complaint:

### FIRST AFFIRMATIVE DEFENSE

JCI does not infringe, and has not infringed (either directly, contributorily or by inducement), any claim of the '511, '692 or '661 patents either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The '511, '692 and '661 patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the United States patent laws, 35 U.S.C. §, et seq., including without limitation §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

35 U.S.C. § 288 bars SIPCO from recovering costs associated with this action.

## FOURTH AFFIRMATIVE DEFENSE

SIPCO's Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, 35 U.S.C. § 287 limits SIPCO's claims for damages for purported patent infringement.

## SIXTH AFFIRMATIVE DEFENSE

SIPCO's patent infringement claims are barred, at least in part, by the statute of limitations, 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE

SIPCO's claims against JCI are precluded under the doctrines of express license, patent exhaustion, implied license, release and/or payment to the extent that any allegedly infringing products are supplied, directly or indirectly, to JCI or by JCI to an entity or entities having an express or implied license to the '511, '692 and '661 patents.

## EIGHTH AFFIRMATIVE DEFENSE

SIPCO did not plead its claims of willful infringement with sufficient specificity or factual support to put JCI on notice as to the claim being made and therefore fails to state a claim on which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '511, '692, and '661 patents and

reexamination of the '511 patent, SIPCO is estopped from asserting that JCI has directly or indirectly infringed, any claim of the '511, '692, and '661 patents, either literally or under the doctrine of equivalents.

## COUNTERCLAIMS

JCI hereby alleges the following Counterclaims against SIPCO:

### General Allegations of the Parties

48.     JCI is a corporation organized under the laws of the State of Wisconsin having a principal place of business in Milwaukee, Wisconsin.

49.     SIPCO has asserted that it is a limited liability company organized under the laws of the State of Georgia having its principal place of business in Atlanta, Georgia.

50.     These counterclaims for declaratory judgments of invalidity and non-infringement of the '511, '692 and '661 patents arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act of the United States, 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103, 112, and 271.  SIPCO has subjected itself to the personal jurisdiction of this Court via, *inter alia,* asserting its infringement claims.

51.     This Court has subject matter jurisdiction over JCI's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

52.     Subject to JCI's response to Paragraph 17 of the Complaint and any motion to transfer under 28 U.S.C. § 1404, venue over these counterclaims will lie in this district as the venue selected by SIPCO under 28 U.S.C. §§ 1391 and 1400(b).  JCI states that venue would be more convenient for the witnesses and parties in the Northern District of Georgia and denies that

the interests of justice are served by the continued prosecution of this case in this district.  JCI

reserves all rights to move for transfer of the underlying action irrespective of the allegations in

this paragraph.

53.     An actual case or controversy between the parties exists because SIPCO has

alleged and is alleging JCI infringes the '511, '692, and '661 patents, and JCI denies those

assertions.

**Count I**
**(Declaratory Judgment of Non-infringement of the '511 Patent)**

54.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48

through 53 of these Counterclaims.

55.     An actual and justiciable case or controversy exists between JCI and SIPCO with

respect to the infringement of the '511 patent.  Absent a declaration of non-infringement, SIPCO

will continue to wrongfully allege infringement of the '511 patent against JCI, and thereby cause

JCI irreparable injury and damage.

56.     JCI has not infringed, directly or indirectly, literally or under the doctrine of

equivalents, any valid claim of the '511 patent, and JCI is entitled to a declaration pursuant to 28

U.S.C. § 2201 stating that JCI has not infringed and does not infringe, directly or indirectly,

literally or under the doctrine of equivalents, any valid claim of the '511 patent.

**Count II**
**(Declaratory Judgment of Invalidity of the '511 Patent)**

57.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48

through 53 of these Counterclaims.

58.     An actual and justiciable case or controversy exists between JCI and SIPCO concerning the validity of the '511 patent by virtue of SIPCO's assertion of JCI's infringement of the '511 patent, which assertion JCI denies.

59.     The '511 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 1, et seq., including without limitation §§ 101, 102, 103, and/or 112, and JCI is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '511 patent are invalid.

**Count III**
**(Declaratory Judgment of Non-infringement of the '692 Patent)**

60.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48 through 53 of these Counterclaims.

61.     An actual and justiciable case or controversy exists between JCI and SIPCO with respect to the infringement of the '692 patent.  Absent a declaration of non-infringement, SIPCO will continue to wrongfully allege infringement of the '692 patent against JCI, and thereby cause JCI irreparable injury and damage.

62.     JCI has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '692 patent, and JCI is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that JCI has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '692 patent.

**Count IV**
**(Declaratory Judgment of Invalidity of the '692 Patent)**

63.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48
through 53 of these Counterclaims.

64.     An actual and justiciable case or controversy exists between JCI and SIPCO
concerning the validity of the '692 patent by virtue of SIPCO's assertion of JCI's infringement
of the '692 patent, which assertion JCI denies.

65.     The '692 patent is invalid for failure to comply with the requirements of 35
U.S.C. §§ 1, et seq., including without limitation §§ 101, 102, 103, and/or 112, and JCI is
entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '692 patent
are invalid.

**Count V**
**(Declaratory Judgment of Non-infringement of the '661 Patent)**

66.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48
through 53 of these Counterclaims.

67.     An actual and justiciable case or controversy exists between JCI and SIPCO with
respect to the infringement of the '661 patent.  Absent a declaration of non-infringement, SIPCO
will continue to wrongfully allege infringement of the '661 patent against JCI, and thereby cause
JCI irreparable injury and damage.

68.     JCI has not infringed, directly or indirectly, literally or under the doctrine of
equivalents, any valid claim of the '661 patent, and JCI is entitled to a declaration pursuant to 28
U.S.C. § 2201 stating that JCI has not infringed and does not infringe, directly or indirectly,
literally or under the doctrine of equivalents, any valid claim of the '661 patent.

**Count VI**
**(Declaratory Judgment of Invalidity of the '661 Patent)**

69.     JCI repeats and re-alleges the allegations and averments set forth in Paragraphs 48

through 53 of these Counterclaims.

70.     An actual and justiciable case or controversy exists between JCI and SIPCO

concerning the validity of the '661 patent by virtue of SIPCO's assertion of JCI's infringement

of the '661 patent, which assertion JCI denies.

71.     The '661 patent is invalid for failure to comply with the requirements of 35

U.S.C. §§ 1, et seq., including without limitation §§ 101, 102, 103, and/or 112, and JCI is

entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '661 patent

are invalid.

**DEMAND FOR JURY TRIAL**

JCI hereby demands trial by jury for all issues so triable in connection with both SIPCO's

Complaint and JCI's Defenses and Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, JCI prays for a declaration and judgment against Plaintiff and

Counterclaim Defendant SIPCO, LLC as follows:

a.     that the Court dismiss SIPCO's Complaint with prejudice;

b.     that the Court deny SIPCO any and all relief it has requested in its Complaint;

c.     that the Court deny any preliminary or permanent injunctive relief in favor of

SIPCO and against JCI;

d.     that SIPCO shall take nothing by way of its Complaint;

- 14 -

e.      that JCI has not infringed and is not infringing any valid claim of the SIPCO patents, directly or indirectly, either literally or under the doctrine of equivalents;

f.      that each and all of the claims of the SIPCO patent is invalid and/or unenforceable;

g.      that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and require SIPCO to pay costs of suit that JCI has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

h.      that the Court grant JCI such other and further relief as this Court deems just and equitable.

Respectfully submitted this 27th day of January, 2010.

/s/Ruffin Cordell
Ruffin Cordell
Texas Bar No. 04820550
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, DC 20005
Ph:  202-783-5070
Fax:  202-783-2331
cordell@fr.com

Katherine Kelly Lutton. (*pro hac vice* pending)
California Bar No. 194971
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Ph:  650-839-5070
Fax:  650-839-5071
lutton@fr.om

Thad C. Kodish
Georgia Bar No. 427603
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Ph:  404-892-5005
Fax:  404-892-5002
tkodish@fr.com

**ATTORNEYS FOR DEFENDANT**
**JOHNSON CONTROLS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have electronically filed the foregoing **DEFENDANT JOHNSON CONTROLS, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF Systems, which will automatically send email notification of such filing to all attorneys of record.

This 27th day of January, 2010.

/s/Ruffin Cordell
Ruffin Cordell