IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC., a Georgia limited liability corporation<br><br>          Plaintiff,<br><br>    v.<br><br>DATAMATIC, LTD., a Texas limited partnership, EKA SYSTEMS, INC., a Delaware corporation, JOHNSON CONTROLS, INC., a Wisconsin corporation, SENSUS USA, INC., a Delaware corporation, and TRILLIANT NEWORKS, INC., a Delaware corporation,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS. | **CIVIL ACTION NO. 6:09-cv-532(LED)**<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TRILLIANT NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS**

Trilliant Networks Inc. ("Trilliant Networks") hereby answers the numbered paragraphs of the Complaint of SIPCO, LLC ("SIPCO") as follows:

1.     Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.     Trilliant Networks denies the allegations contained in Paragraph 2 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint as applicable to the other parties in this action, and therefore denies them.

1

3.      Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

## PARTIES

4.       Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      Trilliant Networks admits the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.    Trilliant Networks admits that the Complaint contains claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

ATL_IMANAGE-6657073.2

11.    Trilliant Networks admits that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.    Trilliant Networks admits that this Court has personal jurisdiction over Trilliant Networks.  Trilliant Networks admits that it can be served through its registered agent, CT Corporation at 818 West Seventh Street, Los Angeles, California 90017, and that it has conducted limited business in the State of Texas.  Trilliant Networks denies all other allegations contained in Paragraph 16 of the Complaint.

17.    Trilliant Networks admits that venue is proper pursuant to 28 U.S.C. §§ 1391, but preserves its rights to challenge venue pursuant to 28 U.S.C. § 1404(a) and therefore denies the remaining allegations contained in Paragraph 17 of the Complaint.

**COUNT I**

18.     Trilliant Networks realleges and incorporates by reference its answers set forth in paragraphs 1-17.  In response to the allegations set forth in paragraph 18 of the Complaint, Trilliant Networks also incorporates by reference its answers set forth in paragraphs 18-20.

19.     Trilliant Networks admits that an uncertified copy of a document purporting to be U.S. Patent No. 7,103,511 ("'511 patent") was attached to the Complaint as Exhibit A.  Trilliant Networks admits that Exhibit A is entitled "Wireless Communications Networks for Providing Remote Monitoring of Devices."  Trilliant Networks admits that Exhibit A states on its face that the '511 patent issued on September 5, 2006 to the inventor Thomas D. Petite and assigned to StatSignal IPC, LLC.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     Trilliant Networks denies any infringement of the '692 patent.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21.     Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

ATL_IMANAGE-6657073.2

23.   Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24.   Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint, and therefore denies them.

25.   Trilliant Networks denies the allegations contained in Paragraph 25 of the Complaint.

26.   Trilliant Networks denies the allegations contained in Paragraph 26 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint as applicable to the other parties in this action, and therefore denies them.

27.   Trilliant Networks denies the allegations contained in Paragraph 27 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

## COUNT II

28.   Trilliant Networks realleges and incorporates by reference its answers set forth in paragraphs 1-27.

29.   Trilliant Networks admits that an uncertified copy of a document purporting to be U.S. Patent No. 6,437,692 ("'692 patent") was attached to the Complaint as Exhibit B.  Trilliant Networks admits that Exhibit B is entitled "System and Method for Monitoring and Controlling Remote Devices."  Trilliant Networks admits that Exhibit B states on its face that the '692 patent issued on August 20, 2002 to the inventors Thomas D. Petite and Richard M. Huff and was

5

assigned to StatSignal Systems, Inc.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30.    Trilliant Networks denies any infringement of the '692 patent.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the Complaint, and therefore denies them.

33.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Complaint, and therefore denies them.

34.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 of the Complaint, and therefore denies them.

35.    Trilliant Networks denies the allegations contained in Paragraph 35 of the Complaint.

36.    Trilliant Networks denies the allegations contained in Paragraph 36 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint as applicable to the other parties in this action, and therefore denies them.

ATL_IMANAGE-6657073.2

37.     Trilliant Networks denies the allegations contained in Paragraph 37 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 37 of the Complaint and therefore denies them.

## COUNT III

38.     Trilliant Networks realleges and incorporates by reference its answers set forth in paragraphs 1-37.

39.     Trilliant Networks admits that an uncertified copy of a document purporting to be U.S. Patent No. 7,468,661 ("'661 patent") was attached to the Complaint as Exhibit C.  Trilliant Networks admits that Exhibit B is entitled "System and Method for Monitoring and Controlling Remote Devices."  Trilliant Networks admits that Exhibit C states on its face that the '661 patent issued on December 23, 2008 to the inventors Thomas D. Petite and Richard M. Huff and was assigned to Hunt Technologies, Inc.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 39 of the Complaint, and therefore denies them.

40.     Trilliant Networks denies any infringement of the '661 patent.  Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41.     Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 41 of the Complaint, and therefore denies them.

ATL_IMANAGE-6657073.2

42.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 42 of the Complaint, and therefore denies them.

43.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 43 of the Complaint, and therefore denies them.

44.    Trilliant Networks lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 of the Complaint, and therefore denies them.

45.    Trilliant Networks denies the allegations contained in Paragraph 45 of the Complaint.

46.    Trilliant Networks denies the allegations contained in Paragraph 46 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 of the Complaint as applicable to the other parties in this action, and therefore denies them.

47.    Trilliant Networks denies the allegations contained in Paragraph 47 of the Complaint with respect to Trilliant Networks and lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 47 of the Complaint and therefore denies them.

## RESPONSE TO PLAINTIFF SIPCO'S PRAYER FOR RELIEF

48.    Trilliant Networks denies that SIPCO is entitled to any of the relief sought and requests that the Court deny all of the relief sought in the "PRAYER FOR RELIEF".

ATL_IMANAGE-6657073.2

## AFFIRMATIVE DEFENSES

Trilliant Networks asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

### FIRST DEFENSE:  NON-INFRINGEMENT

49.    Trilliant Networks does not infringe, and has not infringed, directly, contributorily, or by inducement any claim of the '511, '692, or '661 patents, either literally or under the doctrine of equivalents.

### SECOND DEFENSE:  INVALIDITY UNDER 35 U.S.C. § 101

50.    The '511, '692, and '661 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 101.

### THIRD DEFENSE:  INVALIDITY UNDER 35 U.S.C. § 102

51.    The '511, '692, and '661 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

### FOURTH DEFENSE:  INVALIDITY UNDER 35 U.S.C. § 103

52.    The '511, '692, and '661 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

### FIFTH DEFENSE:  INVALIDITY PURSUANT 35 U.S.C. § 112

53.    The '511, '692, and '661 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 112 including, but not limited to, the enablement, best mode, and written description requirements of 35 U.S.C. § 112.

### SIXTH DEFENSE:  LACHES, EQUITABLE ESTOPPEL, AND WAIVER

54.    SIPCO's claims against Trilliant Networks are barred in whole or part under the doctrine of laches.

ATL_IMANAGE-6657073.2

55.   SIPCO's claims for infringement of the '511, '692, and '661 are barred by equitable estoppel and waiver.

## SEVENTH DEFENSE:  VENUE

56.   SIPCO's claims are not properly venued in this judicial district pursuant to 28 U.S.C. § 1404.  Trilliant Networks preserves its rights as to the affirmative defense of improper venue.

## EIGHTH DEFENSE:  FAILURE TO STATE A CLAIM

57.   SIPCO has failed to state an enforceable claim against Trilliant Networks.

## COUNTERCLAIMS

Defendant and Counterclaimant Trilliant Networks alleges against SIPCO as follows:

58.   Trilliant Networks, Inc. ("Trilliant Networks") is a Delaware corporation, having its principal place of business at 1100 Island Drive, Redwood City, California.

59.   Upon information and belief, SIPCO, LLC is a Georgia limited liability corporation with its principal place of business at 2849 Paces Ferry Road, Suite 660, Atlanta, Georgia.

60.   This Court has personal jurisdiction over SIPCO pursuant to 28 U.S.C. § 1338(a) and because SIPCO has voluntarily submitted to this Court's jurisdiction in this action.

61.   This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between SIPCO and Trilliant Networks regarding the non-infringement, invalidity, and unenforceability of the '511, '692, and '661 patents (the "patents-in-suit"), based upon the allegations asserted against Trilliant Networks in this action.

62.   This  Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b), and because SIPCO has voluntarily submitted to this Court's jurisdiction in this action.

10

## FIRST COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '511 PATENT

63.    Trilliant Networks realleges and incorporates by reference the allegations set forth in paragraphs 49-60.

64.    An actual controversy exists between Trilliant Networks and SIPCO regarding the alleged infringement of the '511 patent.

65.    Trilliant Networks does not and has not infringed any valid or enforceable claim of the '511 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

66.    Trilliant Networks does not and has not infringed the '511 patent literally or under the doctrine of equivalents.

67.    This case is exceptional under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '692 PATENT

68.    Trilliant Networks realleges and incorporates by reference the allegations set forth in paragraphs 49-65.

69.    An actual controversy exists between Trilliant Networks and SIPCO regarding the alleged infringement of the '692 patent.

70.    Trilliant Networks does not and has not infringed any valid or enforceable claim of the '692 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

71.    Trilliant Networks does not and has not infringed the '692 patent literally or under the doctrine of equivalents.

72.    This case is exceptional under 35 U.S.C. § 285.

ATL_IMANAGE-6657073.2

**THIRD COUNTERCLAIM:  DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF THE '661 PATENT**

73.    Trilliant Networks realleges and incorporates by reference the allegations set forth in

paragraphs 49-70.

74.    An actual controversy exists between Trilliant Networks and SIPCO regarding the

alleged infringement of the '661 patent.

75.    Trilliant Networks does not and has not infringed any valid or enforceable claim of

the '661 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

76.    Trilliant Networks does not and has not infringed the '661 patent literally or under the

doctrine of equivalents.

77.    This case is exceptional under 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF INVALIDITY OF THE '511 PATENT**

78.    Trilliant Networks realleges and incorporates by reference the allegations set forth in

paragraphs 49-75.

79.    An actual controversy exists between Trilliant Networks and SIPCO regarding the

alleged validity of the '511 patent.

80.    The claims of the '511 patent are invalid and void for failure to meet the statutory

conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

81.    This case is exceptional under 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF INVALIDITY OF THE '692 PATENT**

82.    Trilliant Networks realleges and incorporates by reference the allegations set forth in

paragraphs 49-79.

12

83.   An actual controversy exists between Trilliant Networks and SIPCO regarding the

alleged validity of the '692 patent.

84.   The claims of the '692 patent are invalid and void for failure to meet the statutory

conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

85.   This case is exceptional under 35 U.S.C. § 285.

## SIXTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '661 PATENT

86.   Trilliant Networks realleges and incorporates by reference the allegations set forth in

paragraphs 49-83.

87.   An actual controversy exists between Trilliant Networks and SIPCO regarding the

alleged validity of the '661 patent.

88.   The claims of the '661 patent are invalid and void for failure to meet the statutory

conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

89.   Trilliant Networks demands a trial by jury on all triable issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Trilliant Networks prays that the Court:

   A.   Deny all of SIPCO's claims;

   B.   Dismiss SIPCO's Complaint with prejudice and order that SIPCO is entitled to no recovery;

   C.   Declare that Trilliant Networks does not infringe any valid and enforceable claim of the '511 patent;

   D.   Declare that Trilliant Networks does not infringe any valid and enforceable claim of the '692 patent;

13

**E.**     Declare that Trilliant Networks does not infringe any valid and enforceable claim of the '661 patent;

**F.**     Declare that each and every claim of the '511 patent is invalid;

**G.**     Declare that each and every claim of the '692 patent is invalid;

**H.**     Declare that each and every claim of the '661 patent is invalid;

**I.**     Declare that SIPCO's claims are barred by laches, equitable estoppel, or waiver;

**J.**     Order that this is an exceptional case pursuant to 35 U.S.C § 285 and award Trilliant Networks its attorney fees, expenses, and costs for this action; and

**K.**     Award Trilliant Networks such other and further equitable or legal relief as this Court deems necessary and proper.

DATED:  January 27, 2010                                   Respectfully submitted,

|  |  |
|---|---|
| | */s/ Diane V. DeVasto* |
| | Michael E. Jones |
| | State Bar No. 10929400 |
| | mikejones@potterminton.com |
| Paul J. Andre | Diane V. DeVasto |
| PAndre@kslaw.com | State Bar No. 05784100 |
| Lisa Kobialka | dianedevasto@potterminton.com |
| LKobialka@kslaw.com | POTTER MINTON |
| KING & SPALDING LLP | A Professional Corporation |
| 333 Twin Dolphin Suite 400 | 110 N. College, Suite 500 |
| Redwood Shores, CA 94065 | Tyler, Texas 75702 |
| Telephone: (650) 590-0700 | Telephone: (903) 597-8311 |
| Facsimile: (650) 590-1900 | Facsimile: (903) 593-0846 |
| | |
| | **Attorneys for Defendants** |
| | **TRILLIANT NETWORKS, INC.** |

14

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 27, 2010.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Diane V. DeVasto*
Diane V. DeVasto

ATL_IMANAGE-6657073.2